IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUBEN VASQUEZ-PADILLA | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3740 |
| MEDCO PROPERTIES, LLC, *et al.*, | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order address Plaintiff Ruben Vasquez-Padilla's Motion for Default Judgment, ECF No. 10. Defendants Medco Properties, LLC ("Medco") and Potomac Foods Company-II, Inc. ("PFC") have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the reasons stated herein, Plaintiff's Motion for Default Judgment is DENIED without prejudice to renewal.

**I.  BACKGROUND**

Plaintiff Ruben Vasquez-Padilla (Vasquez-Padilla) is a citizen of the State of Delaware. ECF No. 1 at ¶ 4. Defendants Medco Properties, LLC ("Medco") and Potomac Foods Company-II, Inc. ("PFC") are both Maryland based companies with their principal place of business in Maryland. ECF No. 1. at ¶ 5–6. At all times relevant to this case, Medco was the owner and/or operator, along with its agent, Defendant PFC, of the Golden Corral located at 301 E. Naylor Mill Road, Salisbury, Maryland, 21804. *Id.* at ¶ 6.

According to the Complaint, on or about February 16, 2014, at approximately 9:30 AM, Vasquez-Padilla parked his car in the parking lot of Defendants' Golden Corral and began walking toward the restaurant. Although Vasquez-Padilla "maintain[ed] a proper and vigilant

1

outlook," he slipped on ice and fell to the ground and was injured for which he was "forced to incur substantial medical bills and miss time from work." ECF No. 1 at ¶¶ 8–9. The Plaintiff asserts that he still experiences physical pain from these injuries and believes he will need future medical care. *Id.* at ¶ 9. Plaintiff estimates past and future damages of $350,000. *Id.*

Vasquez-Padilla filed his Complaint to this Court on November 18, 2016, asserting diversity of citizenship jurisdiction. 28 U.S.C. § 1332. After initial attempts to serve Defendants by certified mail were unsuccessful, ECF No. 8-1 at ¶ 4, Plaintiff effectuated service on Defendants March 8, 2017, in compliance with Rule 4 of the Federal Rules of Civil Procedure and Maryland Rule 2-124(o).[1] Defendants have not answered the Complaint or otherwise responded, and the deadline for doing so is long past. On April 5, 2017, the Clerk issued an Order of Default pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 9. The Plaintiff then moved for default judgment on May 24, 2017. ECF No. 10.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). For "all other cases," in which the sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides: "[T]he party must apply to the court for a default judgment . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—

---

[1] Maryland Rule 2-124(o) allows service on a corporate entity or its registered agent "by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if . . .[the resident agent] is no longer at the address for service of process maintained with the State Department of Assessments and Taxation." *See* Fed. R. Civ. P. 4 ("[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.' " *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pleaded factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

In the Fourth Circuit, district courts analyzing default judgments have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g., Balt. Line Handling Co. v. Brophy,* 771 F. Supp. 2d 531, 544 (D.Md. 2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972 at *2–*3 (D. Md. Apr. 9, 2012); *U.S. v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832 at *2–*3 (D. Md. Oct. 27, 2011); *Bogopa Serv. Corp. v. Shulga,* No. 3:08cv365, 2009 WL 1628881, at *1–2 (W.D.N.C. June 10, 2009). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied. *See, e.g., Balt. Line Handling Co.,* 771 F. Supp. 2d at 544 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

### III.  ANALYSIS

A federal court sitting in diversity must apply the law of the state in which the court is located, including the forum state's choice of law rules. *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir.2007). Regarding tort claims, Maryland applies the law of the state where the alleged harm occurred ("lex loci delicti"). *See Proctor v. Washington Metropolitan Area Transit Auth.*, 412 Md. 691, 726 (2010). Because the events alleged in the Complaint took place in Maryland, the substantive tort law of Maryland governs the Plaintiff's negligence claim. Thus, to succeed on his Motion for Default Judgment, the Plaintiff must plead factual allegations sufficient to support a cause of action for negligence under Maryland law. *See* Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

To sustain a negligence claim in Maryland, the Plaintiff must prove that: (1) the defendant was under a duty to protect the plaintiff from injury, (2) the defendant breached that duty, (3) the plaintiff suffered actual injury or loss, and (4) the loss or injury proximately resulted from the defendant's breach of the duty. *100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co.*, 430 Md. 197, 212–13 (2013) (emphasis omitted). The duty of care owed by the Defendants is determined by their relationship with the Plaintiff. *Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 578 (1989). At the time of the alleged injury, the Plaintiff was a business invitee of Defendants. *See* ECF No. 1 at ¶ 7.

In this context, Plaintiff can sustain his negligence claim only if he establishes that (1) Defendant, as an owner or occupier of land, has a duty to exercise reasonable care to protect the invitee from injury caused by an unreasonable risk; (2) that the invitee would be unlikely to perceive the risk in the exercise of ordinary care for his or her own safety, and (3) the risk is one about which the owner knows or could have discovered in the exercise of reasonable care. *Plantholt v. Lowe's Home Centers, LLC*, No. ELH-14-2091, 2015 WL 1861669 at *6 (D. Md. Apr. 22, 2015) (quoting *Casper*, 316 Md. at 582).

The Court notes that Mr. Vasquez-Padilla's Complaint, taken as true, fails to establish that Defendants had actual or constructive notice of the dangerous condition in its parking lot on February 16, 2014. Plaintiff merely alleges that "prior to this accident, Medco and/or PFC had knowledge and notice that ice existed on the area of the parking lot where Vasquez-Padilla fell." ECF No. 1 at ¶ 10. Vasquez-Padilla does not offer any detail that other courts found relevant in analyzing similar "slip and fall" negligence claims, such as the general condition of the parking lot, whether other cars or invitees were present, the weather on and around the time of the accident, if the Golden Corral was open for business, and where the Plaintiff was located in the

parking lot at the time he fell. *See, e.g., Koninis*, 2015 WL 501955 at *2; *Plantholt v. Lowe's Home Centers, LLC*, No. ELH-14-2091, 2015 WL 1861669 at *6 (D Md. Apr. 22, 2015); *Bass v. Hardee's Food Systems, Inc.*, 982 F. Supp 1041, 1043 (D. Md. 1997). In this way, Plaintiff's Complaint presents mere conclusory allegations, not well-pleaded facts, to establish that Defendants were on notice of the dangerous condition in sufficient time to address it. The Court need not credit such "labels and conclusions" when evaluating a motion for default judgment. *See Balt. Line. Handling Co. v.* Brophy, 771 F. Supp. 2d 531, 544–45 (D. Md. 2011).

Accordingly, Plaintiff's Motion for Default Judgment against the Defendants will be DENIED without prejudice. Plaintiff will be given fourteen (14) days to amend his complaint to cure the above-described deficiencies. In the event Plaintiff does not so amend, the Complaint will be dismissed with prejudice and without further notice.

## IV. CONCLUSION

Based on the foregoing, it is this 20th day of October, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's Motion for Default Judgment BE, and the same hereby IS, DENIED;

2. The Clerk's April 5, 2017 Entry of Default is VACATED;

3. Plaintiff is given fourteen (14) days to amend his complaint to cure the above-described deficiencies and provide proposed summons for issuance; and

4. The Clerk SHALL TRANSMIT copies of this Order to the Defendants and counsel for the Plaintiff.

| | |
|---|---|
| 10/20/2017 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |