IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUBEN VASQUEZ-PADILLA | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3740 |
| MEDCO PROPERTIES, LLC, *et al.*, | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order address Plaintiff Ruben Vasquez-Padilla's Motion for Default Judgment, ECF No. 19. Defendants Medco Properties, LLC ("Medco") and Potomac Foods Company-II, Inc. ("PFC") have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the reasons stated herein, Plaintiff's Motion for Default Judgment is GRANTED.

**I.    BACKGROUND**

Plaintiff Ruben Vasquez-Padilla (Vasquez-Padilla) is a citizen of the State of Delaware. ECF No. 12 at ¶ 4. Defendants Medco Properties, LLC ("Medco") and Potomac Foods Company-II, Inc. ("PFC") are both Maryland based companies with their principal place of business in Maryland. ECF No. 12. at ¶ 5–6. At all times relevant to this case, Medco was the owner and/or operator, along with its agent, Defendant PFC, of the Golden Corral, located at 301 E. Naylor Mill Road, Salisbury, Maryland. *Id.* at ¶ 6.

According to the Complaint, on or about February 16, 2014, at approximately 9:30 a.m., Vasquez-Padilla parked his car in the parking lot of the Golden Corral and began walking toward the restaurant. The temperature was just above freezing and dry, and numerous other cars were

1

parked in the parking lot. *Id.* at ¶¶ 8, 10.  Although Vasquez-Padilla "maintain[ed] a proper and vigilant outlook," he slipped on ice and fell to the ground and was injured for which he was "forced to incur substantial medical bills and miss time from work." ECF No. 12 at ¶¶ 8–11. Vasquez-Padilla asserts that he still experiences physical pain from these injuries and believes he will need future medical care. *Id.* at ¶ 9. He estimates past and future damages of $350,000. *Id.*

Vasquez-Padilla filed his Complaint to this Court on November 18, 2016, asserting diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Defendants did not answer the Complaint or otherwise respond, and on April 5, 2017, the Clerk issued an Order of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 9. Plaintiff moved for default judgment on May 24, 2017, which was denied because the Complaint did not plausibly allege that Defendants had notice of the parking lot's dangerous condition. ECF No. 11. Plaintiff was given leave to refile, and submitted an Amended Complaint on October 25, 2017, which he timely served on Defendants, in compliance with Rule 4 of the Federal Rules of Civil Procedure and Maryland Rule 2-124(o).[1] *See* ECF Nos. 12, 15 & 16. Defendants again failed to answer or otherwise respond, and an Order of Default was entered on January 29, 2018. Plaintiff renewed his Motion for Default Judgment on March 13, 2018. ECF No. 19.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) governs default judgments, which may be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). For "all other

---

[1] Maryland Rule 2-124(o) allows service on a corporate entity or its registered agent "by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if . . . [the resident agent] is no longer at the address for service of process maintained with the State Department of Assessments and Taxation." *See* Fed. R. Civ. P. 4 ("[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

cases," in which the sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides: "[T]he party must apply to the court for a default judgment . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).

Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.' " *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pleaded factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation

3

and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

In the Fourth Circuit, district courts analyzing default judgments have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g., Balt. Line Handling Co. v. Brophy,* 771 F. Supp. 2d 531, 544 (D.Md. 2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972 at *2–*3 (D. Md. Apr. 9, 2012); *U.S. v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832 at *2–*3 (D. Md. Oct. 27, 2011); *Bogopa Serv. Corp. v. Shulga,* No. 3:08cv365, 2009 WL 1628881, at *1–2 (W.D.N.C. June 10, 2009). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied. *See, e.g., Balt. Line Handling Co.,* 771 F. Supp. 2d at 544 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

### III.     ANALYSIS

A federal court sitting in diversity must apply the law of the state in which the court is located, including the forum state's choice of law rules. *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir.2007). Regarding tort claims, Maryland applies the law of the state where the alleged harm occurred ("lex loci delicti"). *See Proctor v. Washington Metropolitan Area Transit Auth.*, 412 Md. 691, 726 (2010). Because the events alleged in the Complaint took place in Maryland, the substantive tort law of Maryland governs the Plaintiff's

negligence claim. Thus, to succeed on his Motion for Default Judgment, the Plaintiff must plead factual allegations sufficient to support a cause of action for negligence under Maryland law. *See* Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

To sustain a negligence claim in Maryland, the Plaintiff must prove that: (1) the defendant was under a duty to protect the plaintiff from injury, (2) the defendant breached that duty, (3) the plaintiff suffered actual injury or loss, and (4) the loss or injury proximately resulted from the defendant's breach of the duty. *100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co.*, 430 Md. 197, 212–13 (2013) (emphasis omitted). The duty of care owed by the Defendants is determined by their relationship with the Plaintiff. *Casper v. Chas. F. Smith & Son, Inc.*, 316 Md. 573, 578 (1989). At the time of the alleged injury, the Plaintiff was a business invitee of Defendants. *See* ECF No. 12 at ¶¶ 7–8.

In this context, Plaintiff can sustain his negligence claim only if he establishes that (1) Defendant, as an owner or occupier of land, bears a duty to exercise reasonable care to protect the invitee from injury caused by an unreasonable risk; (2) that the invitee would be unlikely to perceive the risk in the exercise of ordinary care for his or her own safety, and (3) the risk is one about which the owner knows or could have discovered in the exercise of reasonable care. *Plantholt v. Lowe's Home Centers, LLC*, No. ELH-14-2091, 2015 WL 1861669 at *6 (D. Md. Apr. 22, 2015) (quoting *Casper*, 316 Md. at 582).

Here, taking the facts asserted in the Amended Complaint as true, Plaintiff has plausibly alleged that he was unlikely to perceive the ice in Defendants' parking lot in the exercise of ordinary care for his safety. At the time Vasquez-Padilla fell in Defendants' parking lot, it was just above freezing (33 degrees Fahrenheit), and dry, as precipitation had last occurred at 4:00

5

p.m. the previous day. *See* ECF No. 12 at ¶ 12. Golden Corral opened at 8:00 a.m. on February 16, and when Plaintiff arrived at 9:30 a.m., several other cars were parked in Defendants' parking lot. *Id.* at ¶ 8. In light of these conditions, it is certainly reasonable that Plaintiff did not perceive the dangerous condition of the parking lot. *Cf. Morgan State Univ. v. Walker*, 397 Md. 509 (2007); *Shroyer v. McNeal*, 323 Md. 275 (1991). Further, Vasquez-Padilla "maintained a proper and vigilant outlook" as he walked, and fell while entering Defendants' restaurant, which is an area where customers, like Plaintiff, would reasonably be expected to walk. ECF No. 12 at ¶¶ 11, 22.

Finally, Vasquez-Padilla has also established that Defendants had actual or constructive notice of the dangerous condition of their parking lot prior to his injury. *See id.* at ¶¶ 10, 12, 14, 18. Given the temperature and previous days' precipitation, formation of ice along Defendants' parking lot and sidewalks was not an unforeseeable risk. Thus, Defendants "knew or should have known of the hazardous condition" of their parking lot, and had a duty to cure the hazardous condition and/or warn Golden Corral customers, like Vasquez-Padilla, of potentially dangerous ice before opening on February 16. *Id.* at ¶ 18; *see Gillespie v. Ruby Tuesday, Inc.*, 861 F. Supp. 2d. 637, 641 (D. Md. 2012) ("The duty owed to an invitee is to use reasonable and ordinary care to keep premises safe for the invitee.") (internal citation and quotation marks omitted). Taking as true the facts as pleaded in the Complaint, Defendants undoubtedly breached this duty. As a result, Vasquez-Padilla fell and sustained "profound and painful injuries." *Id.* at ¶ 9. Accordingly, default judgment is proper.

"Once the court decides that a judgment by default should be entered, it must determine the amount and character of the recovery that should be awarded." *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (4th ed.

2017). It is within the Court's discretion under Federal Rule of Civil Procedure 55(b)(2) to hold a hearing when, to enter or effectuate judgment, it needs to determine the amount of damages. F. R. Civ. P. 55(b)(2). Because Plaintiff has requested a hearing on damages, *see* ECF No. 19 at ¶ 5, the Court will determine damages after presentation of evidence on May 15, 2018.

## IV. CONCLUSION

Based on the foregoing, it is this 3rd day of April, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's Motion for Default Judgment BE, and the same hereby IS, GRANTED as to liability;

2. A hearing on damages will be held on May 15, 2018 at 10:00 a.m.; and

3. The Clerk SHALL TRANSMIT copies of this Order to the Defendants and counsel for the Plaintiff.


 04/03/2018                                            /s/
Date                                                   Paula Xinis
                                                       United States District Judge

